Martin B. Stecher, J.
Defendant moves to set aside the People’s demand for the names and addresses of his alibi witnesses on the ground that the statute providing for same is unconstitutional. No supporting affidavit, exhibit, memorandum of law or even citation accompanies this motion. Defendant’s attack is directed against CPL 250.20 which was amended in 1974 in response to the Supreme Court’s decision in Wardius v Oregon, (412 US 470). There the Supreme Court invalidated an Oregon "Notice of Alibi” statute on the ground that it did not provide for reciprocal discovery. The New York statute, however, is patterned on a Florida statute which withstood attack before the United States Supreme Court in Williams v Florida (399 US 78).
The Florida statute provides in part: "Not less than five days after receipt of defendant’s witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as *940 particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant’s alibi at the trial of the cause.” (Fla Rule Grim Proc 1.200.)
GPL 250.20 (subd 2) reads: "Within a reasonable time after receipt of the defendant’s witness list but not later than ten days before trial, the people must serve upon the defendant or his counsel, and file a copy thereof with the court, a list of the witnesses the people propose to offer in rebuttal to discredit the defendant’s alibi at the trial together with the residential addresses, the places of employment and the addresses thereof of any such rebuttal witnesses. A witness who will testify that the defendant was at the scene of the crime is not such an alibi rebuttal witness. For good cause shown, the court may extend the period for service of the list of witnesses by the people.” (Emphasis supplied.)
The New York statute differs in essence from the Florida statute by the insertion of the emphasized sentence. The distinction, however, does not affect the statute’s constitutionality, for such disclosure was not intended to reveal eyewitnesses to the crime. If such were the interpretation of Wardius, every defendant would assert an alibi in order to obtain such disclosure.
The motion is denied.